**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000280
24-JUL-2025
08:40 AM
Dkt. 54 SO**

NO. CAAP-23-0000280

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ERIC YOUN, Claimant-Appellant-Appellant, v.
STATE OF HAWAIʻI, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS,
EMPLOYMENT SECURITY APPEALS REFEREES' OFFICE,
Respondent-Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-22-0001074)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Claimant-Appellant-Appellant Eric Youn (**Youn**) appeals from the March 8, 2023 Final Judgment (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1] Youn also challenges the Circuit Court's March 8, 2023 Order Affirming Employment Security Appeals Referees' Office's [(**ESARO's**)] Decision 2201667 (Reopened) Dated August 4, 2022 (**Order Affirming Decision**).

Youn raises a single point of error on appeal, contending that the Circuit Court erred in affirming ESARO's August 4, 2022 Decision in the Matter of: 2201667 (Reopened) (**ESARO Decision**) because the method of calculating Youn's wages was incorrect.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Youn's point of error as follows:

---

[1] The Honorable James H. Ashford presided.

Youn argues that he met the requirement of being unemployed for the weeks in question.

Hawaii Revised Statutes (**HRS**) § 383-1 (2015) provides, in part:

> "Unemployment".  An individual shall be deemed "unemployed" in any week during which the individual performs no services and with respect to which no wages are payable to the individual, or <u>in any week of less than full-time work if the wages payable to the individual with respect to such week are less than the individual's weekly benefit amount</u>.

(Emphasis added).

Youn's claim for unemployment insurance benefits (**Benefits**) was based on the latter (underlined) clause.  However, the State of Hawaiʻi Department of Labor and Industrial Relations (**DLIR**), Unemployment Insurance Division (**UID**), determined that Youn was not entitled to Benefits during certain periods because he was not unemployed during those periods.  Specifically, UID determined Youn was not entitled to Benefits for the weeks ending on February 22, 2020, to March 28, 2020; June 6, 2020, to August 29, 2020; and October 10, 2020, to February 27, 2021, because he earned more than his weekly benefit amount of $648, based on the weekly earnings reported by Youn's employer.  Youn appealed and ESARO affirmed.

Youn works as Contributing Faculty at Walden University, LLC (**Walden**) and testified that he is paid monthly and by the task, rather than having an hourly rate provided by his employer.  Youn calculates his weekly income using a formula of his own creation, which he revises every two years to account for changes in how much Walden pays for a given task.  Youn's testimony concerning his earnings was deemed not credible based on information provided by Walden that showed Youn significantly underreported his earnings for the subject periods.  Youn testified that he experienced "connectivity issues" with the DLIR website, which affected his ability to accurately report his weekly wages, or that the underreporting may have been due to server error.

Ultimately, ESARO explained its reasoning in the ESARO Decision, stating in part:

> [Youn] argued he used a formula for calculating his weekly gross earnings. He argued he did not know about any discrepancy between the earnings he reported on his weekly claim certifications and the amounts [Walden] actually paid him until approximately March 2021, when the UID stopped paying him benefits and alerted him. He argued he did not discover the discrepancy earlier because he did not check his formula or check his monthly earnings statements from [Walden] to ensure the accuracy of his weekly claims certifications. He argued on appeal that he had provided the information on his amended weekly claims certifications originally, but somehow, "connectivity issues" prevented the amended information from being recorded. He argued to the UID claims examiner that the discrepancy was caused by his rushing and hunting for Wi-Fi. He argued he subsequently amended his weekly claim certifications based on his personal work records. He argued dividing his monthly gross earnings by the 4 or 5 weeks in a particular month would not yield an accurate result. However, [Youn] never offered any alternative amounts other than what he provided on his weekly claim certifications and amended weekly claim certifications. . . .
>
> Although [Youn] and [Walden] both provided information about [Youn's] weekly gross earnings, [Youn's] testimony could not be credited since it was determined [Youn's] testimony regarding his weekly gross earnings was false. . . . Hence, credibility was accorded to [Walden's] evidence.

The record supports the Circuit Court's determination that ESARO's findings, including that Youn was not unemployed during the subject periods, are not clearly erroneous. On this record, we will not disturb ESARO's assessment that Youn was not credible. Accordingly, we conclude that the Circuit Court did not err in entering the Order Affirming Decision.

Therefore, the Circuit Court's March 8, 2023 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, July 24, 2025.

On the briefs:

Pablo P. Quiban,
for Claimant-Appellant-
Appellant.

Li-Ann Yamashiro,
Carissa A. Goto,
Deputy Attorneys General,
for Respondent-Appellee-
Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge